# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

RONALD GRAVES (#356003)                                    CIVIL ACTION

VERSUS

BURL CAIN, ET AL.                                                NO. 16-292-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the

Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served

with the attached Report to file written objections to the proposed findings of fact, conclusions of

law and recommendations therein.  Failure to file written objections to the proposed findings,

conclusions, and recommendations within 14 days after being served will bar you, except upon

grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE

WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 6, 2016.

_____

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

RONALD GRAVES (#356003)                          CIVIL ACTION

VERSUS

BURL CAIN, ET AL.                                NO. 16-292-BAJ-RLB

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at Louisiana State Penitentiary ("LSP") filed this proceeding pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, former Warden Burl Cain,  Asst. Warden Ray Vittorio, Col. Cazelot, and Lt. Derek Jones complaining that his constitutional rights have been violated due to the defendants' failure to protect him from harm. He prays for monetary and injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted.  An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"  *Id*. at 32-33.  A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).  The law accords judges not only the authority to

dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

In his Complaint, as amended, the plaintiff alleges the following: On an unspecified date, inmate Ricky Gary poured a scalding hot liquid on the plaintiff while he was asleep in his bunk. Inmate Gary then beat the plaintiff with "master key locks" that he had attached together with some type of cord. The plaintiff ran to the door and began banging on it for help. Defendant Lt. Jones looked through the door but refused to open it until assistance arrived. Inmate Gary then knocked the plaintiff down and again beat the plaintiff with the locks. Prison officials knew that inmate Gary posed a substantial risk of harm to other offenders because they were aware that he had utilized weapons to attack other inmates in the past. Following the attack, defendant Cain declared that the dorms were safe and removed all security officers and replaced them with video cameras. The cameras are not monitored. This, combined with overcrowding, has aggravated the violent atmosphere in the dorms. As a result of the attack, the plaintiff endured months of painful scrubbing to promote new skin growth on his face, and suffers from permanent hearing loss.

First, it is unclear whether the plaintiff has named the defendants herein in both their individual and their official capacities.  As to any claims the plaintiff may be asserting against the defendants in their official capacities, section 1983 does not provide a federal forum for a litigant who seeks the recovery of monetary damages against state officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983.  *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989).  Additionally, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.  *Id*. at 25.  Accordingly, the plaintiff's claim for monetary damages asserted against the defendants in their official capacities is subject to dismissal.  In contrast, the plaintiff's claim for monetary damages asserted against the defendants in their individual capacities remains viable because a claim against a state official in his individual capacity, seeking to impose liability for actions taken by the official under color of state law, is not treated as a suit against the state.  The plaintiff's claim for prospective injunctive relief asserted against the defendants in their official capacities also remains viable because such a claim is not treated as a claim against the state.  *Will v. Michigan Department of State Police*, *supra*, 491 U.S. at 71 n.10.  Of course, the plaintiff must be able to prove a deprivation of his constitutional civil right in order to obtain any entitlement to relief.

Turning to the plaintiff's claims asserted against the defendants in their individual capacities, in order for a person to be found liable under § 1983 the person must have been personally involved in conduct causing an alleged deprivation of the plaintiff's constitutional rights, or there must be a causal connection between the conduct of that person and the

constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). The plaintiff has made no allegations of personal involvement on the part of defendants Secretary LeBlanc, Asst. Warden Vittorio, or Col. Cazelot. Any implied allegation that these defendants are responsible for the actions of their subordinates or co-employees is alone insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Further, in the absence of direct personal participation by a supervisory official in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. *Lozano v. Smith, supra*. In this regard there is no basis for the imposition of liability against defendant Cain, since the alleged removal of all security officers and placement of cameras occurred after the plaintiff was allegedly attacked.

Even if the plaintiff's allegations regarding "prison officials" are construed as pertaining to defendants LeBlanc, Vittorio, Cazelot and Cain, his claim fares no better. Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986); *Jones v. Diamond*, 636 F.2d 1364, 1373 (5th Cir. 1981). Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. *Id.* at 837. A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an

inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Id. at 847.* The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.* at 837.

Applying the foregoing standard, the Court concludes that the plaintiff has failed to allege facts sufficient to support a claim that any defendant was deliberately indifferent to a substantial risk of serious harm in failing to protect the plaintiff from his co-inmate. The plaintiff merely alleges in a conclusory fashion that prison officials "were well aware of the fact that Ricky Gary had attacked numerous other Offenders in the past" and "knew that Ricky Gary posed a substantial risk of harm to other Offenders." The plaintiff offers no facts in support of these conclusory allegations, much less any facts tending to show that the defendants were aware of a substantial risk of harm to the plaintiff and disregarded the risk. There are no facts alleged regarding any prior history between the plaintiff and inmate Gary, and no allegation that the incident at issue was anything but an unprovoked act by Gary. The deliberate indifference standard sets a very high bar, and a claim of mere negligence in failing to protect an inmate from harm is not actionable under § 1983. *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986). Furthermore, there is no allegation whatsoever as to any involvement by any defendant in placing the plaintiff or inmate Gary in contact with one another. Based on these allegations, there is no basis for finding that any defendant was subjectively deliberately indifferent to the plaintiff's safety or well-being. Accordingly, the plaintiff's Complaint fails to contain sufficient facts to state a claim for deliberate indifference to the plaintiff's safety.

As to defendant Jones, there is no clearly established constitutional right for an officer to immediately intervene when an armed inmate attacks another inmate, as the officer may need to call for backup or seek to avoid his own serious injury.  *Rios v. Scott*. 100 Fed. Appx. 270 (5th Cir. 2004), *citing Patmon v. Parker,* 3 Fed. Appx. 337 (6th Cir. 2001); *Winfield v. Bass,* 106 F.3d 525 (4th Cir. 1997); *Prosser v. Ross,* 70 F.3d 1005 (8th Cir. 1995); and *Payne v. Collins,* 986 F.Supp. 1036 (E.D. Tex. June 25, 1997).  The plaintiff herein alleges that inmate Gary was armed with "master key locks" that he had attached together with some type of cord.  The alleged altercation was between two inmates and defendant Jones was the only guard present.  As such, defendant Jones had no constitutional duty to intervene in the attack when the intervention would have placed defendant Jones in danger of physical harm.  Accordingly, the plaintiff's claim against defendant Jones has no arguable basis in fact or law and should be dismissed as frivolous.

## RECOMMENDATION

It is recommended that this action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on October 6, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."