# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD GRAVES (#356003)** | **CIVIL ACTION** |
| **VERSUS** | |
| **BURL CAIN, ET AL.** | **NO.: 16-00292-BAJ-RLB** |

## RULING AND ORDER

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 6)**, pursuant to 28 U.S.C. § 636(b)(1). The Magistrate Judge recommended that this action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted. (Doc. 6 at p. 7).

The Report and Recommendation notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 6 at p. 1). Plaintiff timely filed objections.[1]

---

[1]     Plaintiff raises two objections: 1) that the Report and Recommendation is premised on an erroneous understanding of when Defendant Cain removed guards from the dormitory, and 2) Plaintiff maintains that he has pled a proper claim against Defendants because he alleges that the Defendants' actions were a cause of the attack by another inmate.

As to the first objection, while it is true that the magistrate judge stated that the guards were removed *after* the attack instead of before the attack, this factual mistake is not a reason to disregard the Report and Recommendation. The issue is whether removing the guards amounted to deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This is a higher standard than mere negligence. *Id.* at 835. The fact that the guards were removed from the dormitory prior to the attack does not, by itself, demonstrate deliberate indifference, especially in light of the fact that there were cameras in the dormitory and at least one guard was present who could call for help in the event of an attack. (*See* Doc. 1 at p. 4-5).

Similarly, as to the second objection, Plaintiff's complaint must not only show that the actions and/or inactions of Defendants are the cause of the injury, but Plaintiff must also show that they amounted to deliberate indifference. *Farmer*, 511 U.S. at 837. It is not enough to merely plead causation. Plaintiff has failed to plead specific facts that support his claim of deliberate indifference. Accordingly, dismissal is warranted.

Having carefully considered the underlying Complaint, the instant motions, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts the findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 6)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that the above captioned case is **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this _31ˢᵗ_ day of January, 2017.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

2