## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**RONALD GRAVES (#356003)**                                                   **CIVIL ACTION**

**VERSUS**

**BURL CAIN, ET AL.**                                                                **NO. 16-292-BAJ-RLB**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 10, 2019.

                                                                                          _____
                                                                                          **RICHARD L. BOURGEOIS, JR.**
                                                                                          **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD GRAVES (#356003)                                               CIVIL ACTION

VERSUS

BURL CAIN, ET AL.                                                     NO. 16-292-BAJ-RLB

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on Motion to Dismiss filed on behalf of defendants Secretary James LeBlanc, Lt. Derek Jones, Col. Wilford Cazelot, and Asst. Warden Ray Vittorio (R. Doc. 43). The motion is opposed. *See* R. Docs. 44 and 49.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against former warden Burl Cain, Secretary James LeBlanc, Lt. Derek Jones, Col. Wilford Cazelot, and Asst. Warden Ray Vittorio complaining that his constitutional rights were violated due to the defendants' failure to protect him from harm.[1]

The moving defendants first seek dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's claim against them in their official capacities. In this regard, the defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons"

---

[1] As to defendant Cain, a review of the record reveals that former Warden Cain has not been served because service was not accepted by the Department of Corrections. *See* R. Doc. 26. Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a *pro se* plaintiff may rely on service by the U.S. Marshal, he may not remain silent and do nothing to effectuate such service, and should attempt to remedy any defects of which he has knowledge. The plaintiff was informed of the lack of service, and has failed to take action to direct service on defendant Cain. *See* R. Doc. 26. It is appropriate, therefore, that the plaintiff's claims asserted against defendant Cain be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon him.

within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25.

Accordingly, the plaintiff's claims asserted against the defendants in their official capacities, for monetary damages, are subject to dismissal.[2] In contrast, the plaintiff's claims for monetary damages asserted against the defendants in their individual capacities remain viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state. *Id*. at 29. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief.

Turning to the plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, the defendants next assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[2] In his Amended Complaint, the plaintiff did not request any relief; however, the Court assumes the plaintiff is seeking monetary damages. *See* R. Doc. 18.

reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint as amended,[3] the plaintiff alleges that on July 4, 2015 he was attacked by inmate Ricky Gary. The dormitory was overcrowded and hot, and the inmates were unable to feel any air from the fan. Inmate Gary accused the plaintiff of turning the fan and poured a hot liquid substance on the plaintiff. Inmate Gary then beat the plaintiff in the face, head, and upper body with locks attached to a cord. The plaintiff ran to the dormitory door and banged on the door for help. Defendant Lt. Jones looked at him through the door but did not open the door and intervene in the ongoing attack. As a result of the attack by inmate Gary, the plaintiff endured

---

[3] On November 20, 2019, the plaintiff was ordered to file an amended complaint that did not incorporate by reference or otherwise any portion of his original Complaint. *See* R. doc. 17. As such, the plaintiff's Amended Complaint (R. Doc. 18) and Supplemental Complaint (R. Doc. 42) are the operative pleadings in this matter.

months of painful scrubbing of his face in order to promote new skin growth and suffers from permanent hearing loss.

Due to a policy implemented by former warden Burl Cain, security officers were removed from the dormitories and the inmates were double bunked. No provisions were made for security to be alerted in the case of an emergency. Due to this policy, approximately 96 inmates are locked in the dormitory at night with an officer making rounds only once every hour. Defendant Secretary LeBlanc was aware of former warden Cain's policy and the ongoing security concerns due to overcrowding and had the authority to stop implementation of the policy but did not.

Prior to the attack, the plaintiff informed defendant Asst. Warden Vittorio that inmate Gary had threatened his life if he touched the fan. Before walking away, defendant Vittorio responded in a sarcastic manner, "Now you want an air conditioner, get it like you live." "Get it like you live" means that the inmate is on his own and shouldn't bother the official making the statement. When defendants Col. Cazelot and Lt. Jones were making rounds the plaintiff asked these officers if anything would be done about the fan situation and informed them that he didn't want "to get stuck out behind this Gary Guy because of a fan." The plaintiff also told defendants Cazelot and Jones that he had already informed defendant Vittorio, and the defendants asked about the assistant warden's response. After being informed of defendant Vittorio's response, defendants Cazelot and Jones walked away.

Defendant Asst. Warden Vittorio was responsible for reviewing the records of all offenders housed in Camp D for the purpose of annual review boards during which the inmates' records are screened for security concerns. Defendant Col. Cazelot also participated in the annual review boards. Despite knowledge of inmate Gary's violent nature, which included a

well-documented history of repeated violence toward other inmates resulting in inmate Gary being place in extended lockdown, defendants' Vittorio and Cazelot allowed inmate Gary to be housed in the overcrowded and unsupervised dormitory with the plaintiff. Defendant Vittorio had the authority to assign inmate Gary to a one-man cell but failed to do so, and defendant Cazelot had the authority to remove inmate Gary from the general population but chose to allow him to remain in the dormitory.

In response to the plaintiff's allegations, the moving defendants have asserted that they are entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that the defendants' motion should be granted in part. Specifically, the Court concludes that the plaintiff has failed to state a claim against defendant LeBlanc and has failed to state a claim against defendant Jones for failure to intervene upon which relief may be granted.

First, as to the plaintiff's claims asserted against defendant Secretary LeBlanc in his individual capacity, in order for a person to be found liable under § 1983 the person must have been personally involved in conduct causing an alleged deprivation of the plaintiff's constitutional rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). The plaintiff has made no allegations of personal involvement on the part of defendant LeBlanc. Any implied allegation that this defendant is responsible for the actions of his subordinates or co-employees is alone insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Further, in the absence of direct personal participation by a supervisory official in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. *Lozano v. Smith, supra*.

In this regard the plaintiff alleges that defendant LeBlanc failed to intervene in the implementation of former warden Cain's policy to remove security from the dormitories and to double bunk the inmates. The plaintiff complains primarily of the resultant overcrowding. However, overcrowding is not, by itself, a constitutional violation. *See Rhodes* v. *Chapman*, 452 U.S. 337, 348 ("The double celling made necessary by the unanticipated increase in prison population did not lead to deprivations of essential food, medical care of sanitation."); *Collins v. Ainsworth*, 382 F.3d 529, 539 (5th Cir. 2004) (Overcrowding of persons in custody is not *per se* unconstitutional."); *Ruiz v. Estelle (Ruiz II)*, 666 F.2d 854, 858 (5th Cir. 1982) ("The [l]ack of

space alone does not constitute cruel and unusual punishment, save perhaps the most aggravated circumstances.").

Furthermore, based on the plaintiff's allegations, the attack by inmate Gary did not occur due to the implementation of former warden Cain's policies. Rather, as explained more fully below, the attack occurred due to the deliberate indifference and/or possible negligence of defendants Vittorio, Cazelot, and Jones. As such, the plaintiff's amended Complaint fails to state a claim against defendant LeBlanc.

Turning to the plaintiff's claims against defendants Vittorio, Cazelot, and Jones under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986); *Jones v. Diamond*, 636 F.2d 1364, 1373 (5th Cir. 1981). Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. *Id.* at 837. A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Id. at 847*. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.* at 837.

Applying the foregoing standard, the Court concludes that the plaintiff has alleged facts sufficient to support a claim that defendants Vittorio, Cazelot, and Jones were deliberately indifferent to a substantial risk of serious harm in failing to protect the plaintiff from his co-

inmate. The plaintiff alleges that he informed these defendants of inmate Gary's threats against him, and further that defendants Vittorio and Cazelot were aware inmate Gary's violent nature and prior fights between inmate Gary and other inmates and took no action to protect the plaintiff. As such, the plaintiff has alleged facts tending to show that the defendants Vittorio, Cazelot, and Cain were aware of a substantial risk of harm to the plaintiff and disregarded the risk.

As to the plaintiff's claim against defendant Lt. Jones for failing to intervene in the attack, there is no clearly established constitutional right for an officer to immediately intervene when an armed inmate attacks another inmate, as the officer may need to call for backup or seek to avoid his own serious injury. *Rios v. Scott*, 100 F. App'x. 270 (5th Cir. 2004), *citing Patmon v. Parker,* 3 F. App'x. 337 (6th Cir. 2001); *Winfield v. Bass,* 106 F.3d 525 (4th Cir. 1997); *Prosser v. Ross,* 70 F.3d 1005 (8th Cir. 1995); and *Payne v. Collins,* 986 F. Supp. 1036 (E.D. Tex. June 25, 1997). The plaintiff herein alleges that inmate Gary was armed with locks that he had attached together with some type of cord. The alleged altercation was between two inmates and defendant Jones was the only guard present. Plaintiff's allegations specifically mention officers responding to "the call for assistance." (R. Doc. 18 at 4). As such, defendant Jones had no constitutional duty to intervene in the attack when the intervention would have placed defendant Jones in danger of physical harm. Accordingly, the plaintiff's claim against defendant Jones has no arguable basis in fact or law and should be dismissed.

## RECOMMENDATION

It is recommended that the plaintiff's claims against Burl Cain be dismissed, without prejudice, for failure to timely effect service upon him. It is recommended that the defendants' Motion to Dismiss (R. Doc. 43) be granted in part, dismissing the plaintiff's claims asserted

against the defendants in their official capacities for monetary damages, the plaintiff's claims against James LeBlanc, and the plaintiff's claim against defendant Derek Jones for failing to intervene in the attack, with prejudice.  It is further recommended that in all other regards the Motion (R. Doc. 43) be denied.

Signed in Baton Rouge, Louisiana, on September 10, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**