# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

RONALD GRAVES (#356003)                    CIVIL ACTION

VERSUS

BURL CAIN, ET AL.                        NO.: 16-292-BAJ-RLB

## RULING AND ORDER

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 51)** pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation addresses Defendants' **Amended Motion to Dismiss (Doc. 43)**. The *pro se* Plaintiff, Ronald Graves, is housed at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana. The moving Defendants seek dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure with respect to Plaintiff's claim against Defendants in their official capacities. Defendants also seek dismissal pursuant to Rule 12(b)(6) for claims against Defendants in their individual capacities.

The Magistrate Judge recommended that Plaintiff's claims against Burl Cain be dismissed, without prejudice, for failure to timely effect service upon him. The Magistrate Judge further recommended that Defendants' **Amended Motion to Dismiss (Doc. 43)** be granted in part, dismissing Plaintiff's claims asserted against Defendants in their official capacities for monetary damages, Plaintiff's claims against James LeBlanc, and Plaintiff's claim against Derek Jones for failing to

intervene in the attack, with prejudice. The Magistrate Judge further recommended that in all other regards the **Motion (Doc. 43)** be denied.

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had fourteen (14) days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. *See* **(Doc. 51)**. Defendants filed an Objection (Doc. 54).

Defendants' Objection to the Magistrate Judge's Report and Recommendations (Doc. 54) argues that Defendants' Motion to Dismiss Plaintiff's claims against Colonel Wilford Cazelot and Assistant Warden Ray Vittorio should also be granted. Defendants argue that there can be no finding of the deliberate indifference required to overcome their Qualified Immunity defense. Defendants argue that Plaintiff did not allege facts with requisite specificity, as he did not provide that either Defendant "had actual knowledge of [] Inmate Gary's prior violent history and then disregarded it." (Doc. 54 at p. 9). Defendants further argue that Defendants must have been aware of a substantial risk, not just a risk, to Plaintiff's safety, but "had no reason to **believe** Inmate Gary presented a substantial risk of harm." (Emphasis in original) (Doc 54, at p. 10–11).

At the motion to dismiss stage, the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed'…and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers.'" *Id.* (citation omitted). Notwithstanding, the Court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain,* 478 U.S. 265, 286 (1986).

In his Supplemental Complaint (Doc. 42) containing the claims Defendants seek to dismiss, Plaintiff alleges that he told Defendant Ray Vittorio that Inmate Gary had threatened Plaintiff's life and was told to "get it like [he] live[d]." (Doc. 42 at p. 1). Plaintiff further alleged that he told Defendant Cazelot that he did not want to "get stuck out behind this Gary [g]uy because of a fan," and went on to tell Cazelot that he had already told Defendant Vittorio about the death threat, both of which Cazelot ignored. Defendants devote much of their Objection to the argument that Plaintiff fails to establish subjective knowledge. However, Plaintiff has alleged sufficient facts to overcome Rule 12(b)(6) dismissal. The Court at this stage must accept as true that Plaintiff made statements to Defendants that an inmate had threatened his life, and Defendants did not take measures to prevent the attack.

Having carefully considered the underlying Complaint, the instant motions, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 51)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that the claims brought by Plaintiff against Burl Cain are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' **Amended Motion to Dismiss (Doc. 43)** is **GRANTED IN PART**, to the extent that Plaintiff's claims against Defendants in their official capacities for monetary damages, Plaintiff's claims against James LeBlanc, and Plaintiff's claim against Derek Jones for failing to intervene in the attack are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' **Amended Motion to Dismiss (Doc. 43)** is **DENIED IN PART**, as it relates to all other claims brought by Plaintiff against Defendants.

Baton Rouge, Louisiana, this 10th day of October, 2019.

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**