UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RONALD GRAVES (#356003)**                                      **CIVIL ACTION**

**VERSUS**

**BURL CAIN, ET AL.**                                             **NO. 16-292-BAJ-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 20, 2021.

                                                                                                   _____
                                                                                                   **RICHARD L. BOURGEOIS, JR.**
                                                                                                   **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RONALD GRAVES (#356003)**                                **CIVIL ACTION**

**VERSUS**

**BURL CAIN, ET AL.**                                      **NO. 16-292-BAJ-RLB**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment (R. Doc. 79) filed on behalf of defendants Wilford Cazelot and Ray Vittorio. The Motion is opposed. (R. Doc. 81). Defendants filed a Reply. (R. Doc. 84).

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against former warden Burl Cain, Secretary James LeBlanc, Lt. Derek Jones, Col. Wilford Cazelot, and Asst. Warden Ray Vittorio complaining that his constitutional rights were violated due to the defendants' failure to protect him from harm.[1]

Defendants Cazelot and Vittorio move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, the affidavits of the moving defendants, and certified copies of the July 3, 2015 Camp D, Eagle Logbook, Enemy List of Plaintiff, Enemy List of offender Ricky Gary, Warden's Unusual Occurrence Report, and Administrative Remedy Procedure No. LSP-2015-1995. The plaintiff opposes the Motion relying upon the pleadings.

---

[1] The plaintiff's claims against defendants Cain and LeBlanc were previously dismissed in their entirety along with the plaintiff's claim for failure to intervene asserted against defendant Jones. As such, the only remaining claim is for deliberate indifference to a substantial risk of harm asserted against defendants Cazelot, Vittorio, and Jones, in their individual capacities, for failure to protect the plaintiff from violence at the hands of inmate Gary. *See* R. Docs. 51 and 55.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.

If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.

Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or

resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint as amended,[2] the plaintiff alleges, in pertinent part, that on July 4, 2015 he was attacked by inmate Ricky Gary. The dormitory was overcrowded and hot, and the inmates were unable to feel any air from the fan. Inmate Gary accused the plaintiff of turning the fan and poured a hot liquid substance on the plaintiff. Inmate Gary then beat the plaintiff in the face, head, and upper body with locks attached to a cord. The plaintiff ran to the dormitory door and banged on the door for help. As a result of the attack by inmate Gary, the plaintiff endured months of painful scrubbing of his face in order to promote new skin growth and suffers from permanent hearing loss.

Prior to the attack, the plaintiff informed defendant Asst. Warden Vittorio that inmate Gary had threatened his life if he touched the fan. Before walking away, defendant Vittorio responded in a sarcastic manner, "Now you want an air conditioner, get it like you live." "Get it like you live" means that the inmate is on his own and shouldn't bother the official making the statement. When defendants Col. Cazelot and Lt. Jones were making rounds the plaintiff asked these officers if anything would be done about the fan situation and informed them that he didn't want "to get stuck out behind this Gary Guy because of a fan." The plaintiff also told defendants Cazelot and Jones that he had already informed defendant Vittorio, and the defendants asked about the assistant warden's response. After being informed of defendant Vittorio's response, defendants Cazelot and Jones walked away.

---

[2] On November 20, 2019, the plaintiff was ordered to file an amended complaint that did not incorporate by reference or otherwise any portion of his original Complaint. *See* R. Doc. 17. As such, the plaintiff's Amended Complaint (R. Doc. 18) and Supplemental Complaint (R. Doc. 42) are the operative pleadings in this matter.

Defendant Asst. Warden Vittorio was responsible for reviewing the records of all offenders housed in Camp D for the purpose of annual review boards during which the inmates' records are screened for security concerns. Defendant Col. Cazelot also participated in the annual review boards. Despite knowledge of inmate Gary's violent nature, which included a well-documented history of repeated violence toward other inmates resulting in inmate Gary being place in extended lockdown, defendants' Vittorio and Cazelot allowed inmate Gary to be housed in the overcrowded and unsupervised dormitory with the plaintiff. Defendant Vittorio had the authority to assign inmate Gary to a one-man cell but failed to do so, and defendant Cazelot had the authority to remove inmate Gary from the general population but chose to allow him to remain in the dormitory.

In response to the plaintiff's allegations, defendants Cazelot and Vittorio asserts that they are entitled to qualified immunity in connection with the plaintiff's claims. Specifically, the moving defendants contend that the plaintiff's allegations and evidentiary showing fail to show the existence of a genuine issue of disputed fact relative to any alleged violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional

right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.* at 202. The assertion of the qualified immunity defense alters the summary judgment burden of proof. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing Michalik v. Hermann, supra*, 422 F.3d at 262.[3]

Undertaking the qualified immunity analysis with respect to the plaintiff's claim that defendants Cazelot and Vittorio failed to protect him from the attack by his co-inmate, the Court finds that the Motion for Summary Judgment should be granted. Specifically, the Court finds that there are no disputed questions of material fact as to whether these defendants were deliberately indifferent to the plaintiff's safety prior to the attack by inmate Gary.

Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986); *Jones v. Diamond*, 636 F.2d 1364, 1373 (5th Cir. 1981). Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal

---

[3] The United States Supreme Court has held that rigid chronological adherence to the *Saucier* two-step methodology is not mandatory. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Although the *Saucier* methodology will be "often beneficial", the Court in *Pearson* leaves to the lower court's discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis. *Id.*

law. *Id.* at 837. A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Id. at 847.* The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.* at 837.

In response to the plaintiff's allegations, defendant Cazelot asserts that he knew of inmate Gary prior to the July 4, 2015 incident but was not aware that inmate Gary posed a substantial risk of harm to the plaintiff. Defendant Cazelot further asserts that he was not informed by the plaintiff of any threats made by inmate Gary to the plaintiff. Defendant Vittorio asserts that at the time of the incident, July 4, 2015 at 4:30 a.m., he was not at work. Defendant Vittorio further asserts that he was not informed by the plaintiff of any threats made by inmate Gary to the plaintiff and was not aware that inmate Gary was a substantial risk of harm to the plaintiff. Both defendants assert that if they had been informed of the threats by inmate Gary, they would have immediately placed him in administrative segregation. *See* R. Docs. 79-7 and 79-8.

In opposition to the Motion for Summary Judgment, the plaintiff relies upon the pleadings. His complaint, as amended, is unverified, and thus it is not competent summary judgment evidence. Fed. Rule Civ. P. 56(c)(1); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994) (verified complaints may potentially be considered as competent summary judgment evidence to the extent the complaint comports with the affidavit requirements of Rule 56). Rule 56, in turn, requires that affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence," and make the averral under penalty of perjury. Fed. Rule Civ. P. 56(c)(4); *King*, 31 F.3d at 346. The plaintiff's complaint contains no such averral. Nor has the plaintiff offered or pointed to any competent summary judgment in the record.

The record before the Court does not show that defendants Cazelot and Vittorio knew inmate Gary posed a substantial risk of harm to the plaintiff and failed to take steps to abate the risk. Despite notice and an opportunity to appear, the plaintiff has not come forward with any competent summary judgment evidence in opposition to defendants' Motion for Summary Judgment or to the documentary evidence produced in support thereof. Accordingly, there is nothing before the Court that tends to dispute the defendants' assertions. Based upon the plaintiff's failure in this case to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, the Court concludes that defendants' Motion is well-taken and that, on the record before the Court, moving defendants are entitled to summary judgment as a matter of law.

Additionally, as detailed below, the plaintiff's claim for failure to protect asserted against defendant Jones, a nonmovant, is subject to dismissal for failure to exhaust.[4] Pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions. This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90

---

[4] *Washington v. Copiah County Board of Supervisor*, 740 Fed. Appx. 424, 426 (5th Cir. 2018) citing Fed. R. Civ. P. 56(f)(2) ("After giving notice and a reasonable time to respond, the court may:…grant summary judgment for a nonmovant… or grant the motion on grounds not raised by a party."). This report and recommendation provides notice and a reasonable opportunity to respond. *See Treadway v. Wilkinson,* 2008 WL 4224817, n.3, (W.D. La. June 10, 2008).

(2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson, supra*, 385 F.3d at 516, *quoting Porter v. Nussle, supra*, 534 U.S. at 525. Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id*.

In the instant matter, the plaintiff's grievance complains of defendant Jones' alleged failure to intervene in the ongoing attack by inmate Gary. The grievance does not mention defendants Cazelot or Vittorio by name and does not allege that Jones or defendants Cazelot or Vittorio failed to protect him prior to the attack. *See* R. Doc. 79-10, p. 14-19. As such, the plaintiff failed to exhaust his administrative remedies with regards to his claim against defendants Cazelot, Vittorio, and Jones for failure to protect which is the only claim which remains before the Court.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized to decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the Court has original jurisdiction, if the Court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. This would include any possible state law claim brought against inmate Gary in the supplemental complaint. (R. Doc. 42). In the instant case, having recommended dismiss of the plaintiff's federal claims, the Court further recommends that supplemental jurisdiction be declined in connection with the plaintiff's potential state law claims.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction against any and all defendants.[5] It is further recommended that the defendants' Motion for Summary Judgment (R. Doc. 79) be granted, and that the plaintiff's claims defendants Cazelot and Vittorio be dismissed with prejudice. It is further recommended that summary judgment be granted in favor of defendant Jones, that the plaintiff's claims against defendant Jones be dismissed with prejudice for failure to exhaust administrative remedies,[6] and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on January 20, 2021.

 

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] This includes any potential claims that were brought against inmate Gary in the supplemental complaint (R. Doc. 42).

[6] Failure to exhaust "usually results in a dismissal without prejudice," but *with* prejudice dismissal is warranted when it is "too late" for the plaintiff to exhaust. *See Donahue v. Wilder,* 824 F. App'x 261 (5th Cir. 2020) *quoting Dawson Farms, LLC v. Farm Service Agency,* 504 F. 3d at 607. In the instant matter, it is clear that exhaustion is no longer possible; therefore, defendant Jones is also entitled to dismissal with prejudice due to the plaintiff's failure to exhaust his administrative remedies.